**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| City of Pompano Beach General Employees' Retirement System, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:09-cv-01811-JOF |
| Synovus Financial Corp., et al., | : | |
| Defendants. | : | |
| **AND** | : | |
| Charles K. Miller, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-cv-03069-JOF |
| v. | : | |
| Richard E. Anthony, et al., | : | |
| Defendants. | : | |

**OPINION & ORDER**

In Civil Action No. 09-CV-1811-JOF, this matter is before the court on motion to appoint Lead Plaintiff and Lead Counsel [14] and motion to appoint Lead Plaintiff and Lead Counsel [16].

In Civil Action No. 09-CV-3069-TWT, this matter is before the court on a determination of whether it should be consolidated with the earlier filed action.

## I.  Background

### A.  The Securities Class Action

In Civil Action No. 09-CV-1811, Plaintiff, City of Pompano Beach General Employees' Retirement System ("Pompano Beach"), filed the instant class action litigation against Defendants, Synovus Financial Corp., and certain of its officers, Richard Anthony, Frederick L. Green III, Thomas J. Prescott, and Mark. G. Holladay, on July 6, 2009, alleging violations of the Securities Exchange Act of 1934, specifically §§ 10(b) and 20(a) and SEC Rule 10b-5. The complaint proposes a class of all persons who had purchased or otherwise acquired common stock of Synovus Financial Corp. between January 24, 2008 and January 21, 2009. The complaint generally alleges that with respect to Synovus's exposure to the Sea Island Company, a resort in Georgia, Defendants made materially false and misleading statements concerning the impairment of Synovus's assets and the capitalization of the Company, the failure to properly record losses from impaired assets, and the lack of proper internal controls as they relate to the reporting of the value of assets. The court refers to this case as the "Securities Class Action."

AO 72A
(Rev.8/82)

Pompano Beach is represented by Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"). On July 7, 2009, Pompano Beach, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), caused a notice about the lawsuit to be published in *Business Wire*.

As a result of that notice, on September 8, 2009, two separate motions seeking appointment of Lead Plaintiff and Lead Counsel were filed by the Labourers' Pension Fund of Central and Eastern Canada (the "Canadian Labourers"), represented by Coughlin Stoia, and the Sheet Metal Workers' National Pension Fund ("Sheet Metal"), represented by Motley Rice as Lead Counsel and The Law Offices of David A. Bain LLC, as Liaison Counsel.

### B. The Derivative Action

On November 4, 2009, Plaintiff, Charles K. Miller, filed a shareholder derivative suit against certain current and former members of the Board of Directors of Synovus Financial Corp. That case is styled as *Miller v. Anthony, et al.*, Civil Action No. 09-CV-3069-TWT. The allegations in that complaint arise out of the same relationship of Synovus and the Sea Island Company and assertions that Synovus did not fully disclose Synovus's knowledge of the financial condition of the Sea Island Company. Plaintiff, a Pennsylvania resident and shareholder of Synovus since 1996, raises causes of action of (1) breach of fiduciary duty for (a) disseminating false and misleading information, (b) failing to maintain internal controls, and (c) failing to properly oversee and manage the company; (2) unjust enrichment;

3

(3) abuse of control; (4) gross mismanagement; and (5) waste of corporate assets. Plaintiff is represented by Robert B. Weiser, Brett D. Stecker, and Jeffrey J. Ciarlanto of The Weiser Law Firm, P.C. in Wayne, Pennsylvania and Corey Holzer, Michael Fistel, Marshall Dees, and William Stone of Holzer, Holzer, & Fistel, P.C. in Atlanta, Georgia. The court refers to this case as the "Derivative Action."

**II. Discussion**

**A. Consolidation**

Plaintiff in the Derivative Action and the Clerk of the Court identified these two cases as potentially related. Pursuant to Federal Rule of Civil Procedure 42(a), the court may consolidate actions that "involve a common question of law or fact." *Id.* The court has reviewed the two complaints at issue here and finds that there are "common issues of law and fact" as they both relate to the interactions of Synovus and the Sea Island Company. As a result, the court will consolidate the two cases, but for the purposes of discovery only. At a later time upon motion or sua sponte, the court will consider whether the Derivative Action and the Securities Class Action should be consolidated for trial as well. The caption of the consolidated actions shall be "In re Synovus Financial Corp." From the date of this order forward, all filings shall be made under docket number 09-CV-1811-JOF. Any other actions now pending or later filed in this district that arise out of or are related to the facts alleged

4

in the consolidated actions shall be consolidated with these actions under docket number 09-CV-1811-JOF.

### B. Appointment of Lead Plaintiff in the Securities Class Action

On October 12, 2009, the Canadian Labourers and Sheet Metal filed a joint stipulation and proposed order to appoint both parties as Co-Lead Plaintiffs and Coughlin Stoia and Motley Rice as Co-Lead Counsel.

Under the Private Securities Litigation Reform Act ("PSLRA"), the selection of lead plaintiffs is governed by the rebuttable presumption that the most adequate plaintiff "is the person or group of persons that: (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class, and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Canadian Labourers is an institutional investor that suffered losses of $214,680 in connection with its purchases of Synovus common stock during the class period. Canadian Labourers purchased 48,874 shares of stock during the class period and sold all of those

5

shares during the class period. Canadian Labourers avers that its claims are typical of the claims of the putative class and that it will adequately and fairly represent the interests of the class. A representative of Canadian Labourers has signed a certification establishing the group's willingness to serve as a representative party and the group has obtained counsel to pursue the litigation. That certification shows that within the past three years, Canadian Labourers has been a representative party in two other securities class action litigations pending in the United States District Court for the Southern District of New York.

Institutional Investor Sheet Metal purchased 182,167 shares of Synovus common stock during the class period at an expenditure of $1,802,895.16. Sheet Metal suffered a loss of $1,222,184.31. To Sheet Metal's knowledge, this is the largest loss sustained by any class member presently before the court. Sheet Metal also purchased 176,677 more shares of stock during the class period than it sold. A representative of Sheet Metal signed a certification pursuant to the Private Securities Litigation Reform Act and the group secured class counsel of Motley Rice. Within the past three years, Sheet Metal has served as a representative party in a federal securities class action case in the Northern District of Georgia.

In addition to the information already provided by proposed Lead Counsel and Lead Plaintiff, the court would also like the parties to provide further assurances to the court on two issues: (1) that there exists no other or outside relationship – legal or financial – between

6

the principals of the Institutional Investors proposed as Lead Plaintiffs and the law firms proposed as Lead Counsel and (2) that the principals of the Institutional Investors who will act as Lead Plaintiff have considerable experience in managing investments and other financial transactions. The court must have confidence that the individuals representing the Institutional Investors have the knowledge and experience necessary to make judgments independent of what the lawyers want them to do. That is, there must exist an individual with knowledge who can exercise business judgment.

The court DIRECTS Canadian Labourers and Sheet Metal to file this additional information with the court within twenty (20) days of the date of this order.

### C. Derivative Action

While the court recognizes that derivative actions are treated differently than securities class actions under the PSLRA, it is the intention of the court to have a separate Lead Plaintiff and Lead Counsel for the Derivative Action during the discovery stage of the litigation. The court DIRECTS Plaintiff to propose a Lead Plaintiff and Lead Counsel giving the court the same assurances as described above with respect to the Securities Class Action. Derivative Action Plaintiff is DIRECTED to file that proposal within twenty (20) days from the date of this order.

7

### D. Future Proceedings

Once the court has reached a determination on Lead Plaintiff and Lead Counsel for both the Securities Class Action and the Derivative Action, the court will set down a conference to determine a schedule of future proceedings.

**IT IS SO ORDERED** this 1st day of December 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)