FILED IN CHAMBERS
U.S.D.C Atlanta

NOV 1 8 2014

JAMES N. HATTEN, Clerk
By: D. Wilford    Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| In re SYNOVUS FINANCIAL CORP. | Civil Action No. 1:09-cv-01811-WCO |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS. | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Class Action Settlement and Providing for Notice (ECF No. 149) and the Order Granting Lead Plaintiffs' Unopposed Motion for Approval of Supplemental Notice and Continuance of Settlement Hearing (ECF No. 153), on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement dated March 10, 2014 (the "Settlement Agreement") (ECF No. 147-3). Due and adequate notice having been given to the Class as required in said Notice Order and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. On April 22, 2013, the Court certified the Class. Excluded from the Class are those Persons who timely and validly excluded themselves therefrom, as identified in Exhibit A hereto.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

7. Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. Each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

9. Lead Plaintiffs and each of the Class Members, their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

10. Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion,

institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11.  The Corrected Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order entered on September 3, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12.  Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way

disturb or affect this Judgment and shall be considered separate from this Judgment.

13.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. As used in the Stipulation the following terms have the meanings specified below:

(a) "Class" means all persons who, between October 26, 2007 and April 22, 2009, purchased or otherwise acquired the common stock of Synovus and were damaged thereby. Excluded from the Class are the Defendants and all members of the families of Richard E. Anthony, Frederick L. Green III, and Mark

G. Holladay. Also excluded from the Class are any parent, subsidiary, affiliate, partner, officer, executive, or director of any Defendant; any entity in which any such excluded Person has a controlling interest; the legal representatives, heirs successors, and assigns of any such excluded Person or entity; and those Persons who timely and validly request exclusion from the Class.

  (b) "Class Member" means a person who falls within the definition of the Class as set forth in 17(a) above.

  (c) "Defendants" means Synovus Financial Corp., Richard E. Anthony, Frederick L. Green III, and Mark G. Holladay.

  (d) "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Motley Rice LLC.

  (e) "Lead Plaintiffs" means Labourers' Pension Fund of Central and Eastern Canada and Sheet Metal Workers' National Pension Fund.

  (f) "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

  (g) "Related Parties" as to Synovus or any subsidiary or division of Synovus means each of that entity's past, present, or future directors, officers, employees, partners, members, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment

advisors, underwriters, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, privies, related or affiliated corporations or entities, and any entity in which Synovus or any of its subsidiaries or divisions has a controlling interest. "Related Parties" as to the Individual Defendants shall also include members of an Individual Defendant's immediate family, present or former spouses, heirs, executors, administrators, agents, insurers, reinsurers, attorneys, personal or legal representatives, successors, assigns, any entity in which an Individual Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly), and any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or members of his/her immediate family.

(h)   means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including Unknown Claims as defined in ¶17(l) hereof) and causes of action of every nature and description whatsoever, in law or equity, and regardless of upon what legal theory based, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether fixed, contingent, or absolute, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured, known

or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, disclosed or undisclosed, whether class and/or individual in nature that arise from both (a) the purchase or acquisition of Synovus common stock by Class Members and (b) the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged or asserted in the Litigation.

(i) "Released Persons" means each and all of Defendants and each and all of their Related Parties.

(j) "Settlement Fund" means the principal amount of Eleven Million Seven Hundred and Fifty Thousand Dollars ($11,750,000.00) in cash, to be paid pursuant to ¶2.1 of the Stipulation, plus all interest earned thereon.

(k) "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs on behalf of themselves and each of the Class Members.

(l) "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties

stipulate and agree that, upon the Effective Date, Plaintiffs shall waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have by operation of the Judgment expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and the Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation

of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

IT IS SO ORDERED.

DATED: 11-18-14

_____
THE HONORABLE WILLIAM C. O'KELLEY
SENIOR UNITED STATES DISTRICT JUDGE

## EXHIBIT A
## EXCLUSION REQUESTS

1. Susan Waychoff

2. Nancy S. Simmons

3. Dow-Wat-Chers Invstment Club
   Nancy S. Simmons, Financial Partner

4. Sheila Cranshaw

5. Michele Berry

6. Edward C. Cranshaw

7. Paul V. Kilpatrick, Jr.
   Frances B. Kilpatrick

8. Records-Johnston Family Foundation, Inc.
   Tim & Kathryn Ryan Fund
   PENN Capital Management Co., Inc.

9. Records-Johnston Family Foundation, Inc.
   MidFirst Bank Fund
   PENN Capital Management Co., Inc.

10. Records-Johnston Family Foundation, Inc.
    Richard Rainaldi and Martha Records Fund
    PENN Capital Management Co., Inc.

11. Eileen O. Scruggs

12. Judy Goldman